Michael R. Reese, SBN 206773
**REESE LLP**
100 West 93rd Street. 16th Floor
New York, New York 10025
Telephone:   (212) 643-0500
Facsimile:   (212) 253-4272
Email:        mreese@reesellp.com

George V. Granade SBN 316050
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: 212-643-0500
Email: ggranade@reesellp.com

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (to be admitted *pro hac vice*)
505 Northern Boulevard, Suite 311
Great Neck, New York 10021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800
*Email: spencer@spencersheehan.com*

*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Monica Waddell, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>S. C. Johnson & Son, Inc.,<br><br>Defendant. | CASE NO.:  20-cv-3820<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>To Be Assigned to<br>Honorable Haywood S. Gilliam, Jr. |

Plaintiff Monica Waddell ("Plaintiff") by Plaintiff's undersigned attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

## NATURE OF THE ACTION

1. S. C. Johnson & Son, Inc. ("Defendant") manufactures, distributes, markets, labels and sells an array of household cleaning products under the Windex brand with the prominent description "Non-Toxic Formula" on the front of the packaging ("Products"). These include Windex "ORIGINAL"; "AMMONIA-FREE"; "VINEGAR" and "MULTISURFACE.

2. The Products are available to consumers from retail and online stores of third-parties.

3. Based on the "Non-Toxic" representations, reasonable consumers believe the Products contain only non-toxic ingredients that are safe for humans, animals, and the environment. Put differently, reasonable consumers do not believe the Products contain any harmful ingredients or allergens.

4. However, in spite of the labeling, the Products actually contain, in varying combinations, ingredients that are harmful to humans, animals, and/or the environment.

5. Specifically, Windex Original contains butylphenyl methylpropional, citronellol, linalool, 2-hexoxyethanol, and isopropanolamine, all of which, as detailed below, are toxic.

6. Windex Vinegar contains 2-hexoxyethanol and linalool, all of which, as detailed below, are toxic.

7. Windex Ammonia-Free contains linalool, 2-hexoxyethanol, isopropanolamine, andbutylphenyl methylpropional, all of which, as detailed below, are toxic.

8. Windex MultiSurface contains linalool and 2-hexoxyethanol, all of which, as detailed below, are toxic.

**TOXIC INGREDIENTS IN WINDEX "NON-TOXIC" PRODUCTS**

9. As stated above, the following ingredients appear in one of more of the deceptive "Non-Toxic" Products at issue here.

10. 2- hexoxyethanol is harmful if swallowed and can cause central nervous system depression and kidney failure and may be absorbed through the skin.[1] It also a respiratory tract irritant.[2]

11. Butylphenyl methylpropional, or "lilial" has been linked to bioaccumulation, organ system toxicity, endocrine disruption, and allergies.[3]

12. Citronellol has been found to be immunotoxic.[4]

13. Isopropanolamine is a combustible, corrosive chemical that causes skin and eye irritation as well as loss of vision.[5] Upon ingestion, it causes a burning sensation, abdominal pains, and shock or collapse.[6] Upon inhalation, it causes sore throat and shortness of breath.[7]

14. Linalool is a fragrance allergen that may cause contact dermatitis.[8]

15. Labeling the Products as "Non-Toxic" when they contain any ingredients that can be harmful to humans, animals, and/or the environment is wholly misleading and deceptive. In fact, the National Advertising Division ("NAD") found that the representations made on the labeling and in the advertising of certain of the Products are false, misleading, and likely to deceive reasonable consumers. Specifically, on March 24, 2020, the NAD recommended that Defendant

---

[1] https://haz-map.com/Agents/3112 (last visited June 8, 2020).

[2] *Id.*

[3] *See* https://www.ewg.org/skindeep/ingredients/700872-lilial/ (last visited June 8, 2020)

[4] https://www.ewg.org/skindeep/ingredients/701389-citronellol/ (last visited June 8, 2020)

[5] http://www.inchem.org/documents/icsc/icsc/eics0905.htm (last visited June 8, 2020)

[6] http://www.inchem.org/documents/icsc/icsc/eics0905.htm (last visited June 8, 2020)

[7] *Id.*

[8] https://www.ewg.org/skindeep/ingredients/703568-LINALOOL/ (last visited June 8, 2020)

"discontinue the claim 'non-toxic' on the package labeling of its Windex Vinegar Glass Cleaner."
In explaining its decision, the NAD stated:

> After considering the guidance offered by the Federal Trade Commission's Guides for the Use of Environmental Marketing Claims ("Green Guides") and FTC precedent, NAD determined that the term "non-toxic," as used on the label of Windex Vinegar Glass Cleaner, reasonably conveys a message that the product will not harm people (including small children), common pets, or the environment. Importantly, NAD noted that a reasonable consumer's understanding of the concept of "will not harm" is not limited to death, but also various types of temporary physical illness, such as vomiting, rash, and gastrointestinal upset.[9]

16. Defendant provided the NAD with certain substantiation for the non-toxic claim. However, the NAD determined that "the evidence fell short of providing the conclusive assessment of toxicity necessary to support a 'non-toxic' claim. Thus, the NAD recommended that Defendant discontinue the claim "non-toxic.

17. As stated in the NAD decision, the Federal Trade Commission ("FTC") has issued guidelines for products marketed with such non-toxic messages in the form of Green Guides ("Guides").

18. The Guides apply to the marketing and sale of products purported to be environmentally-friendly, to "help marketers avoid making environmental marketing claims that are unfair or deceptive." 16 C.F.R. § 260.1.

19. The Guides prohibit "deceptive acts" or representations which are "likely to mislead consumers acting reasonably under the circumstances and [are] material to consumers' decisions," including representations made through labeling, advertising or other promotional services. 16 C.F.R. § 260.1.

---

[9] https://www.prnewswire.com/news-releases/nad-recommends-sc-johnson-discontinue-non-toxic-claim-on-windex-vinegar-glass-cleaner-advertiser-to-appeal-to-narb-301029241.html (last visited June 8, 2020)

20. Specifically, "it is deceptive to misrepresent, directly or by implication, that a product, package or service is non-toxic" and "a non-toxic claim likely conveys that a product, package, or service is non-toxic for humans and for the environment generally." 16 C.F.R. § 260.10(a).

21. To accurately and non-deceptively claim that a product is "non-toxic," marketers must have reliable scientific evidence to substantiate such a claim or "should clearly and prominently qualify their claims to avoid deception." 16 C.F.R. § 260.10(b).

22. The EPA has cautioned that non-toxic claims might prevent consumers from taking necessary precautions in handling a product and the FTC warned marketers to qualify non-toxic claims carefully unless the marketers can substantiate all express and implied messages inherent in an unqualified non-toxic claim.[10]

23. The Product's "non-toxic" claim signifies to reasonable consumers that the Product will not be harmful to people (including small children), common pets or the environment.[11]

24. A reasonable consumer's understanding of "will not harm" is not limited to toxins that cause death but "also various types of temporary physical illness, such as vomiting, rash and gastrointestinal upset."

25. Contrary to the Product's claims of being "non-toxic," the Product contains ingredients that are harmful to humans, household pets or the environment generally.

26. Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud consumers.

27. Defendant has sold more of the Products and at higher prices per unit than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

---

[10] FTC, The Green Guides Statement of Basis and Purpose at 147.

[11] https://bbbprograms.org/media/details/nad-reccomends-s.c.-johnson-discontinue-non-toxic-claim-on-windex-vinegar-glass-cleaner-advertiser-to-appeal-to-narb

28. The marketing of the Product as "non-toxic" has a material bearing on price or consumer acceptance of the Products because consumers are willing to pay more for such Products.

29. Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud plaintiff and consumers.

30. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers like plaintiff.

31. The value of the Product that plaintiff purchased and used was materially less than its value as represented by Defendant.

32. Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for them.

33. As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $3.17 for containers of 23 OZ, excluding tax, compared to other similar products represented in a non-misleading way.

## JURISDICTION AND VENUE

34. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

35. Under CAFA, district courts have original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity.

36. Plaintiff Monica Waddell is a citizen of California.

37. Defendant S. C. Johnson & Son, Inc. is a Wisconsin corporation with a principal place of business in Racine, Wisconsin and is a citizen of Wisconsin.

38. Venue is proper Defendant is headquartered within this District.

39. This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within this state.

## PARTIES

40. Plaintiff Monica Waddell is a citizen of Santa Rosa, California.

41. Defendant S. C. Johnson & Son, Inc. is a Wisconsin corporation with a principal place of business in Racine, Wisconsin.

42. During the relevant statutes of limitations, plaintiff purchased the Product within California at stores for personal and household use in reliance on the representations the Product was non-toxic.

43. Plaintiff bought the Product because Plaintiff wanted to avoid harm caused by harsh chemicals and understood non-toxic in the manner identified above.

44. Plaintiff would buy the Product again if assured it did not contain components which were inconsistent with the use of an unqualified non-toxic claim.

## CLASS ALLEGATIONS

45. The class will consist of all purchasers of the Products in the United States who bought and of the Products during the time period June 10, 2016 to time of trial.

46. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

47. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

48. Plaintiff is an adequate representatives because Plaintiff's interests do not conflict with other members.

49. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

50. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

51. Plaintiff's counsel is competent and experienced in complex class action litigation

and intends to adequately and fairly protect class members' interests.

52. Plaintiff seeks class-wide injunctive relief because the practices continue.

# CAUSES OF ACTION

## FIRST CLAIM
### (ON BEHALF OF THE CALIFORNIA CLASS)
**Violation of California Business & Professions Code §§ 17200 *et seq.* –
Unlawful Conduct Prong of the UCL)**

53. Plaintiff incorporates by reference all preceding paragraphs.

54. California's Business & Professions Code section 17200 ("UCL") prohibits any "unlawful, unfair or fraudulent business act or practice."

55. Defendant, in its advertising and packaging of the Products, made false and misleading statements and fraudulent omissions regarding the quality and characteristics of the Products. Specifically, Defendant labeled the Products "non-toxic" when the Products contain ingredients that are harmful to humans, animals including common household pets and/or the environment.

56. Defendant's representations on its labeling and advertisements led and continue to lead reasonable consumers, including Plaintiff, to believe that the Products are non-toxic.

57. Defendant does not have any reasonable basis for the claims about the Products made in Defendant's advertising and on Defendant's packaging or label because the Products contain ingredients that are harmful to humans, animals including common household pets and/or the environment.

58. Defendant knew and continues to know that the Products are not "non-toxic." Despite this, Defendant continued to intentionally advertise and market the Products to deceive reasonable consumers into believing that the Products were "non-toxic."

59. Defendant's packaging, labeling and advertising of the Products, as alleged in the preceding paragraphs, are false, deceptive, misleading, and unreasonable, and constitute unlawful conduct.

60. Each of the challenged statements made and actions taken by Defendant violates the CLRA and the FAL and therefore violates the "unlawful" prong of the UCL.

61. Defendant leveraged its deception to induce Plaintiff and members of the Class to purchase products that were of lesser value and quality than advertised.

62. Defendant's deceptive advertising caused Plaintiff and members of the Class to suffer

injury in fact and to lose money or property, as it denied them the benefit of the bargain when they decided to purchase the Products over other options that are less expensive and do not advertise as "non-toxic." Had Plaintiff and the members of the Class been aware of Defendant's false and misleading advertising tactics, they would not have purchased the Products at all, or would have paid less than what they did for them.

63. In accordance with California Business & Professions Code section 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair and/or fraudulent acts and practices and to commence a corrective advertising campaign.

64. Plaintiff also seeks an order for disgorgement and restitution of all monies from the sale of the Products that were unjustly acquired through acts of unlawful, unfair and/or fraudulent competition.

**SECOND CLAIM**
**(ON BEHALF OF THE CALIFORNIA CLASS)**
**Violation of California Business & Professions Code §§ 17200 *et seq.* –**
**Unfair and Fraudulent Conduct Prong of the UCL)**

65. Plaintiff incorporates by reference all preceding paragraphs.

66. California Business & Professions Code section 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

67. The false and misleading labeling of the Products, as alleged herein, constitutes "unfair" business acts and practices because such conduct is immoral, unscrupulous and offends public policy. Further, the gravity of Defendant's conduct outweighs any conceivable benefit of such conduct.

68. The acts, omissions, misrepresentations, practices and non-disclosures of Defendant, as alleged herein constitute "fraudulent" business acts and practices, because Defendant's conduct is false and misleading to Plaintiff and members of the Class.

69. Defendant's labeling and marketing of the Products is likely to deceive Class Members about the toxicity of the Products.

70. Defendant either knew or reasonably should have known that the claims and statements on the labels of the Products were likely to deceive consumers.

71. In accordance with California Business & Professions Code section 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair and/or fraudulent acts and practices and to commence a corrective advertising campaign.

72. Plaintiff also seeks an order for disgorgement and restitution of all monies from the sale of the Products that were unjustly acquired through acts of unlawful, unfair and/or fraudulent competition.

**THIRD CLAIM**
**(ON BEHALF OF THE CALIFORNIA CLASS)**
**Violation of California Business & Professions Code §§ 17200 *et seq.* –**
**False and Misleading Advertising)**

73. Plaintiff incorporates by reference all preceding paragraphs.

74. California False Advertising Law (Cal. Business & Professions Code sections 17500 and 17508) prohibits "mak[ing] any false or misleading advertising claim." Defendant's acts and practices violate the UCL's proscription against fraudulent and unfair conduct.

75. Defendant's misleading marketing, advertising, packaging, and labeling of the Products is likely to deceive reasonable consumers.

76. As alleged herein, Defendant, in its labeling of the Products, makes false and misleading advertising claims, as it deceives consumers as to toxicity of the Products.

77. Defendant knew or should have known that its labeling and marketing was likely to deceive consumers.

78. As a result, Plaintiff and the Class are entitled to injunctive and equitable relief, restitution and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

**FOURTH CLAIM**
**(ON BEHALF OF THE CALIFORNIA CLASS)**
**Violation of California Business & Professions Code §§ 1750 *et seq.* –**
**Consumers Legal Remedies Act)**

**(Injunctive Relief Only)**

79. Plaintiff incorporates by reference all preceding paragraphs.

80. The CLRA adopts a statutory scheme prohibiting various deceptive practices in connection with the conduct of a business providing goods, property, or services primarily for personal, family, or household purposes.

81. Defendant's policies, acts and practices were designed to, and did, result in the purchase and use of the Products primarily for personal, family, or household purposes, and violated and continue to violate the following sections of the CLRA;

a. Section 1770(a)(2), which prohibits representing that goods have a particular composition or contents that they do not have;

b. Section 1770(a)(5), which prohibits representing that goods have characteristics, uses, benefits or ingredients that they do not have;

c. Section 1770(a)(7), which prohibits representing that goods are of a particular standard, quality, or grade if they are of another;

d. Section 1770(a)(9), which prohibits advertising goods with intent not to sell them as advertised; and

e. Section 1770(a)(16), which prohibits representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

82. As a result, in accordance with Cal. Civ. Code section 1780(a)(2), Plaintiff and members of the Class have suffered irreparable harm and are entitled to equitable relief in the form of an order enjoining Defendant from continuing to engage in the deceptive practices described above; requiring Defendant to provide public notice of the true nature the Products; and enjoining Defendant from such deceptive business practices in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment:

- Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

- Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

- Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

- Awarding monetary damages and interest pursuant to the common law and other statutory claims;

- Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

- Any other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues.

Dated: June 10, 2020

Respectfully submitted,

**REESE LLP**

*/s/ Michael R. Reese*
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
Email: *mreese@reesellp.com*

**Sheehan & Associates, P.C.**
Spencer Sheehan
505 Northern Blvd Ste 311
Tel: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*

*Counsel for Plaintiff and the Proposed Class*